515 A.2d 1350

**Keith W. CRAIG and Joyce S. Craig, Appellees,**

**v.**

**MAGEE MEMORIAL REHABILITATION CENTER, Appellant,**

**and**

**Marjorie Hosfeld, Defendant.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 1985.

Decided Oct. 8, 1986.

Reargument Denied March 24, 1987.

William F. Sullivan, Jr., Philadelphia, for appellant.

Arnold M. Kessler, Philadelphia, for appellees.

NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

This is a medical malpractice action in which a jury returned a verdict in favor of appellees against defendant Magee Memorial Rehabilitation Center, appellant herein, in the amount of $50,000. The jury also found against appellees and in favor of defendant Marjorie Hosfeld, M.D., on allegations of joint liability. The trial court thereafter added damages for delay pursuant to Pennsylvania Rule of Civil Procedure 238. On appeal, the Superior Court affirmed, *per curiam*. We granted review to consider appellant's claim concerning Rule 238.[1]

1.  Pennsylvania Rule of Civil Procedure 238 provides:

   (a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., shall

   (1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision of a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;

   (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

   (b) In arbitration under the Act of 1836, the amount of damages for delay shall not be included in determining whether the amount in controversy is within the jurisdiction of the arbitrators.

   (c) Except as provided in subdivision (e), damages for delay shall be added to the award, verdict or decision against all defendants found liable, no matter when joined in the action.

   (d) The court may, and on request of a party shall, charge the jury that if it finds for the plaintiff, it shall not award the plaintiff any damages for delay because this is a matter for the court.

   (e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

The facts of the instant action are as follows. The wife-plaintiff was originally injured in an automobile accident, resulting in the loss of motor function in both legs. After four months of treatment at other facilities, she was transferred to Magee Memorial Rehabilitation Center, under the care of Dr. Marjorie Hosfeld. While receiving treatment there, Mrs. Craig suffered injuries when she sustained a burn as the result of coming into contact with an air blower which was being utilized in the treatment of a decubitis ulcer. This occurred in May of 1974.

In April, 1976, plaintiffs instituted suit against the Magee Center and Dr. Hosfeld. However, it was not until December, 1980, that the case came to trial. A mistrial was occasioned at that time, and it was not until January, 1983, that the case was tried to conclusion before a jury in the Court of Common Pleas of Philadelphia. The pre-trial record of the litigation reveals frequent and lengthy postponements, delays and requests for continuances, many attributable to appellees, plaintiffs below. The trial ended in the vindication of Dr. Hosfeld. However, the jury found the Magee Center liable and awarded the above mentioned verdict. Since the jury's verdict exceeded the defendants' last offer of settlement by more than 25%,[2] delay damages of $16,450 were imposed pursuant to Rule 238.

Appellant filed post-trial motions asserting, among other things, the unconstitutionality of Rule 238. These motions were denied and the verdict was affirmed on appeal. Both lower courts dismissed appellant's Rule 238 arguments,

(f) If an action is pending on the effective date of this rule, or if an action is brought after the effective date on a cause of action which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a date six (6) months after the effective date of this rule, whichever date is later.

(g) This rule shall not apply to

(1) eminent domain proceedings;

(2) pending actions in which damages for delay are allowable in the absence of this rule.

2. The defense offer of settlement was $25,000.

relying on the decision of this Court in *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981). Upon petition we granted allocatur to reexamine *Laudenberger, id.,* and Rule 238.[3]

Rule 238 was promulgated as an exercise of this Court's rule-making authority. It was a bold experiment that seemed reasonable, salutary and equitable. It was reasonable because it sought to clear dockets cluttered by unreasonable refusals to pay what was owed. It was salutary in that it provided a penalty for profiting by denying what was due. It was equitable because it compensated for loss caused by an unreasonable refusal to correct a tortious injury.

It was an experiment. The *Laudenberger* Court faced a challenge shortly after the promulgation of the Rule. They faced, as we face now again, an attack on the Rule upon grounds of Equal Protection, Due Process and the contention that this Court slipped, under procedural cover, into definitive substantive law.

The *Laudenberger* Court accepted as an underlying reason for the Rule that there was deliberate, profitable delay on the part of tortfeasors. If one accepts that a refusal to settle is always prompted by such motives, then no wrong is done a wrongdoer, and the rationale of *Laudenberger* would have settled the argument presented for then and always.

Now seven years after the Rule's promulgation, we face not only the previous challenges, but a different set of facts, viewed from a different perspective. The facts here are the obverse of the coin: the defendant below argues that there was delay, but not his; that the delay was the fault of the plaintiffs below. Appellant does not argue that the sanctions of Rule 238 may not be reasonable, salutary, and equitable.

**3.** In *Colodonato v. Consolidated Rail Corp.,* 504 Pa. 80, 470 A.2d 475 (1983), a case also involving Rule 238, we rejected the argument that punitive damages were to be included in the amount of compensatory damages upon which Rule 238 damages are calculated.

There is no point in contending that a procedural rule may exist that punishes without fault, and is yet consistent with Due Process. Neither is there point in arguing that a procedural rule that punishes a defendant *qua* defendant does not smack of a substantive enlargement of duties owed. We do not overrule the rationales of *Laudenberger*, for they have vitality of their own in the context of the ends sought. We today suspend the Rule because experience shows that the ends sought run too tight a gauntlet through Due Process, by denial of a forum to assess fault for the delay sought to be avoided. In short, Rule 238 has become an uncontestable presumption that all fault lies with a defendant. There are too many reasons why such is not always the case; and what is not always so may not be irrebuttable when a penalty follows.

■ Having had now the opportunity for observation of the workings of Rule 238,[4] and being presented herein with a factual context which frames in sharp relief the Rule's inequitable operation, we direct that those mandatory provisions of Rule 238 which assess delay damages against defendants without regard to fault are suspended as of this date for all cases now pending in the courts of this Commonwealth, and for any cases instituted hereafter.

■ In its stead we direct that claims for delay damages are to be presented by petition within five days of a jury verdict or arbitration award. Within five days thereafter the respondent's answer shall be due. If the plaintiff's recovery resulted from a jury verdict, the judge who presided over the trial is to consider the petition and answer. Prior to reaching a decision, the judge may hold a hearing to resolve any factual disputes. If the plaintiff's recovery resulted from an arbitration proceeding, the parties' petition and answer shall be submitted to the next available arbitration panel, and a hearing shall be conducted to resolve any

4. The Explanatory Comment to Pa.R.C.P. 238 states in part as follows:
   Experience under the Rule will indicate whether it will serve the intended purpose of stimulating early settlement of claims and reducing congestion in the courts.

factual disputes. Thereafter a decision shall be rendered, awarding or denying delay damages consistent with Pa.R. Civ.P. 238(a)(1).

■ In making a decision on a plaintiff's entitlement to delay damages the mere length of time between the starting date [5] and the verdict is not to be the sole criterion. The fact finder shall consider: the parties' respective responsibilities in requesting continuances, the parties' compliance with rules of discovery; the respective responsibilities for delay necessitated by the joinder of additional parties; and other pertinent factors.

As we have indicated above, the suspension of the mandatory provisions of Rule 238 is to be given prospective effect only. Those parties whose cases are now in the appellate or post-trial process, who have not asserted attacks on the Rule 238 aspect of the damage award, may not now assert such challenges. However, in those cases where the issue has been preserved, the court before whom the case resides on or after this date is to resolve the issue in a manner consistent with this opinion.

Our directive in this matter is to remain in effect until a new Rule on delay damages can be promulgated. The issue will be immediately brought to the attention of the Civil Procedural Rules Committee for their consideration.

Accordingly, the order of the Superior Court is reversed, and the matter is remanded to the Court of Common Pleas of Philadelphia for proceedings consistent with this opinion.

HUTCHINSON, J., concurs in the result and files a separate concurring opinion.

LARSEN, J., files a dissenting opinion in which PAPADAKOS, J., joins.

HUTCHINSON, Judge, concurring.

I concur as to the result in this case, the suspension of Pa.R.C.P. 238, but write separately to reiterate my view

5. See Pa.R.Civ.P. 238(a)(2).

that the rule addresses substantive issues which are outside our rule-making jurisdiction and, therefore, inappropriate for consideration by a procedural rules committee.

Now six years after Rule Pa.R.C.P. 238 went into effect, we are acknowledging that this well-intentioned rule has violated the due process rights of defendants under the United States Constitution, *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973),[1] and altered the substantive rights of litigants in violation of our own Constitution. The rule was designed to expedite the judicial process and to relieve injured plaintiffs of the adverse effect of unreasonable delay by creating an irrebutable presumption that defendants are the only source of delay in tort litigation.

This case demonstrates the need for greater sensitivity to the policy behind the constitutional separation of powers in exercising our rule-making power. The rule-making power is embodied in Article V, § 10(c) of the Pennsylvania Constitution: "The Supreme Court shall have the power to prescribe general rules governing the *practice, procedure* and the *conduct* of all courts...." (emphasis added), but reserving to the General Assembly the determination of the substantive rights of litigants. Under the provision, a general rule concerning damage delay is best left to the

---

**1.** Speaking for the Court, Justice Stewart said:

> We hold ... that a permanent irrebuttable presumption of nonresidence—the means adopted by Connecticut to preserve that legitimate interest—is violative of the Due Process Clause, because it provides no opportunity for students who applied from out of State to demonstrate that they have become bona fide Connecticut residents.

412 U.S. at 453, 93 S.Ct. at 2237. Subsequent cases (*Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), *Elkins v. Moreno,* 435 U.S. 647, 98 S.Ct. 1338, 55 L.Ed.2d 614 (1978), *Plyler v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), *Toll v. Moreno,* 458 U.S. 1, 102 S.Ct. 2977, 73 L.Ed.2d 563 (1982), *Martinez v. Bynum,* 461 U.S. 321, 103 S.Ct. 1838, 75 L.Ed.2d 879 (1983) and our opinion in *Commonwealth, Department of Public Welfare v. Molyneaux,* 498 Pa. 192, 445 A.2d 730 (1982)) have limited the scope of *Vlandis* so as to permit legislative classifications based on a rational relationship to governmental goals but the underlying principle still applies.

legislature, but the judiciary remains free to give substantive relief against its consequences on a case by case basis. The wisdom of restraining ourselves to the common law's case specific method of altering substantive rights is shown by our experience with this Rule.

In this connection, the comments of Justice Roberts' (later Chief Justice Roberts) dissent in *Laudenberger v. Port Authority of Allegheny*, 496 Pa. 52, 436 A.2d 147 (1981) are most appropriate:

> The unfairness of Rule 238 is further compounded by its imposition of duties and sanctions only upon defendants, and not upon plaintiffs. If the object of the Rule is to discourage delay, the Rule should not only require defendants to make reasonable settlement offers, but also should require plaintiffs to make reasonable demands. Failure of either party to make a reasonable effort to settle should result in the imposition of similar sanctions.

### III

> Thus it is clear that, in promulgating Rule 238, a majority of this Court embarked upon a misguided, improper journey, wholly beyond its constitutional procedural rulemaking authority. As a result, the lawmaking function of our Legislature improperly has been usurped. So too, trespass litigants needlessly have been subjected to unfair treatment.

*Id.*, 496 Pa. at 78, 436 A.2d at 160–161.

Today's opinion properly notes the rationale and salutary purpose of Pa.R.C.P. 238, but a salutary goal is not enough to override basic constitutional restraints. Courts, more than any other law making institution, should recognize this. We, above all, ought not to deal cavalierly with the constitutional authority of a coordinate branch to prospectively determine and generally define substantive rights. The problem of delay in tort litigation can be properly dealt with by a judiciary which sets standards in its case law, allowing a trial judge, familiar with the facts of a case, to exercise discretion in applying appropriate sanctions, finan-

cial or otherwise, for unreasonable delay. This traditional method of the judicial process permits reasoned adjustment at the trial level, subject to this Court's judicial function of appellate review, without intruding on the legislature's power of changing substantive law by statute. I, therefore, concur in the result.

LARSEN, Justice, dissenting.

I write to voice my opposition to: the majority's conclusion that Rule 238 is inequitable; the suspension of Rule 238 for all pending and future cases; and the majority's fashioning of a modified rule complete with a forum and a procedure to assess fault for delay. This precipitious action will frustrate the worthwhile purposes of the rule. It will serve to dilute the incentive to tortfeasors to settle expeditiously actions brought for bodily injury, death and for property damage.

The appellant challenges Rule 238 on grounds that: (1) it exceeds the procedural rule making authority of this Court by modifying the substantive rights of litigants; (2) it violates the equal protection guarantees of the U.S. Constitution and the Pennsylvania Constitution; and (3) it offends due process. These are the same arguments that we considered and rejected less than five years ago in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981). In *Laudenberger* we held that Rule 238 did not invalidly abridge, enlarge or modify substantive rights, nor did it violate equal protection or substantive due process. Today the majority states: "We do not overrule the rationales of *Laudenberger*, for they have vitality of their own in the context of the ends sought." (At p. 65). The meaning of this indistinct statement is not readily apparent. It is clear though that the majority embraces previously discredited arguments and holds, directly contrary to *Laudenberger*, that Rule 238 is inequitable and offends due process. The majority reaches this conclusion by erroneously characterizing the provisions of Rule 238 as punishment for defendants as defendants for all delay.

This simply is not the case. As we observed in *Laudenberger*, "[A] defendant can always protect himself from the assessment of pre-judgment interest by extending a reasonable settlement offer in a timely manner." *Id.*, 496 Pa. at pp. 69–70, 436 A.2d at p. 156.[1] Delays in a case coming to trial, such as those which occurred in the instant case, are of no consequence to a defendant who has made a reasonable settlement offer. It is only where a defendant chooses to make an unreasonable settlement offer, or fails to make any offer that he will be subject to the mandatory requirements of Rule 238.[2] In such case he will be required to pay pre-judgment interest as mandated by the rule.

The majority, in finding that the Rule violates due process, states that: "[R]ule 238 has become an uncontestible presumption that all fault [for delay] lies with a defendant." This conclusion misses the point of Rule 238. A plaintiff, through dilatory motions, continuances and other tactics, may be responsible for causing delay in a claim coming to trial. It may be incontrovertible that a plaintiff wilfully engaged in conduct precipitating a lengthy delay. If, however, early in such a case the defendant makes a reasonable offer of settlement which remains open to the plaintiff until the commencement of trial,[3] the running of pre-judgment

**1.** What constitutes a reasonable settlement offer in any particular case is not left to the subjective judgment of the defendant, the plaintiff or the court. Rule 238 provides the objective criteria that an offer that is eighty (80%) percent or more of an eventual verdict is reasonable and if it falls short of eighty (80%) percent, it fails to meet the standard of reasonableness.

**2.** Human nature and usual business practices tend to motivate a tortfeasor, or a tortfeasor's insurer, to hold on to settlement monies as long as possible provided that it does not cost more money to do so. In situations where the tortfeasor, or the tortfeasor's insurer, reaps financial benefits from holding on to these funds, the incentive to postpone a reasonable settlement offer is strong. Without the operation of Rule 238 and the assessment of pre-judgment interest, it behooves defendants not to settle early, but to retain funds earmarked for claims settlement as long as possible so that revenues may be generated from investment of those funds. Rule 238 is designed to remove the incentive to retain funds to the last hour and replace it with an incentive to settle and pay meritorious claims promptly.

**3.** Rule 238(e) provides:

interest under Rule 238 is tolled. The defendant is not made to pay Rule 238 interest after the date of the offer. Further, under such circumstances, the same would be true even where the defendant, through dilatory motions and tactics, delays resolution of the claim. The assessment of pre-judgment interest is not punishment for the delay in reaching trial. The interest mandated by the Rule arises from the defendant's failure to make a reasonable offer of settlement. It is not a question of punishment,[4] it is a matter of making the plaintiff whole.[5]

Realistically, delay can be of no monetary benefit to a plaintiff. If a plaintiff with a meritorious claim causes delay, he is depriving himself of monies, which are rightfully his, but which are in the hands of and benefiting the defendant. Where a plaintiff does cause delay by rejecting

> (e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made.

4. Where punishment may be called for, Courts are empowered to impose sanctions on a party who engages in dilatory conduct while an action is pending. For example see 42 Pa.C.S.A. § 2503(7) which provides:
> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.
Also see Pa.R.C.P. 4019 which authorizes a court to order sanctions when a party fails to abide by pre-trial discovery rules.

5. "[Rule 238] serves to indemnify the plaintiff for money he would have earned on his award if he had promptly received it." *Laudenberger v. Port Authority of Allegheny County, supra. See also Roy v. Star Chopper Co., Inc.,* 584 F.2d 1124 (1st Cir., 1978) where the court, in considering a Rhode Island pre-judgment interest statute said: "Pre-judgment interest statutes have a long history, dating at least from 1859 in this country ... and have been held to serve the legitimate purpose of making whole an injured party."

a reasonable settlement offer,[6] he not only loses the beneficial use of the monies offered, he also loses the right to pre-judgment interest from the time of the offer.

The majority makes it a point to identify Rule 238 as an experiment of seven years duration. Without a shred of evidence the majority assumes that the experiment has not worked. We are left to guess that the majority reached this conclusion based upon this one single case now before us. The majority's obvious displeasure with the mandatory assessment of pre-judgment interest against the defendant in the instant case apparently motivated the conclusion that Rule 238 is not working. There is no evidence that the rule is failing to achieve its legitimate objectives.

The majority acknowledges that the challenge to Rule 238 in this case is substantially the same as that raised in *Laudenberger, supra.* This time though, the majority notes, we are presented with an entirely different set of facts. But merely because the facts in this case are different from those which were before us in *Laudenberger* is insufficient reason to suspend the operation of Rule 238 and, in effect, overrule *Laudenberger.* The underlying reason for Rule 238—to encourage prompt settlement of claims—remains the same regardless of the difference in the facts.

Apparently, the majority believes there should be some rule which addresses the matter of delay. The majority sees fit to replace the mandatory provisions of Rule 238 with a post-trial procedure involving a petition and answer presented to the judge who presided at the trial. When the case is heard by a board of arbitrators, the petition and answer are to be presented to the next available arbitration

---

**6.** The delay of concern to Rule 238 is that which is occasioned by the defendant's failure to make a reasonable settlement offer, or the plaintiff rejecting a reasonable settlement offer. In the former case the defendant is deemed to have caused delay and pre-judgment interest is assessed. In the latter case pre-judgment interest is tolled as of the day of the offer. Delay which results from other causes is of no import to Rule 238.

board. In each case a post-trial hearing may be held to resolve factual disputes.

This unnecessary and burdensome process devised by the majority tends to defeat the original purpose of Rule 238. With another procedural step in the long road from claim to verdict, an injured victim, who is entitled to a recovery, is faced with more delay. Now a defendant will have an additional post-trial procedure enabling him to hold onto the verdict monies due the plaintiff while the parties litigate the right to pre-judgment interest in a sort of "comparative" fault hearing.[7] The majority's modification of Rule 238 seems to be designed to encourage additional litigation and discourage plaintiffs from seeking pre-judgment interest.

Additionally, in providing for a post trial procedure involving a petition, answer and hearing, the majority judicially amends Rule 238 without adhering to the formal rule making process traditionally followed by this court. If the majority wants the rule changed or eliminated, its amendment or repeal should be taken up in the customary fashion.

In this case, if the appellant had made a reasonable offer of settlement and continued that offer until the start of trial, assessment of Rule 238 pre-judgment interest would have been tolled from the day of the offer.[8] Based upon the prescription of the Rule, appellant did not, and therefore, it is right that appellant pay the interest assessed.

I dissent.

PAPADAKOS, J., joins this dissenting opinion.

7. In a case where a plaintiff's award was obtained in a compulsory arbitration proceeding the majority's new procedure is quite cumbersome. The petition and answer must be presented to a newly convened arbitration board, who may or may not decide to hold a hearing. Whether to hold an evidentiary hearing is itself a question that may be vigorously contested.

8. Since the jury verdict in this case was $50,000.00, a reasonable settlement offer would have been $40,000.00 or more. The appellant's highest offer was $25,000.00.