## Weaver v. Abdul-Ela

*Mark B. Aronson,* for plaintiff.

*David H. Trushel,* for defendant Dr. Ahmad E. Abul-Ela.

*Terry C. Cavanaugh,* for defendant St. Francis Hospital of New Castle.

CAIAZZA, *J.,* January 16, 1987—The court has before it plaintiff's petition for imposition of Rule 238 delay damages. A hearing was held concerning this issue on December 8, 1986; the hearing was the product of the Pennsylvania Supreme Court's opinion in Craig v. Magee Memorial Rehabilitation Center, 512 Pa. 60, 515 A.2d 1350 (1986).

In Craig, the court revisited Pa.R.C.P. 238 on its seventh anniversary and found that experience has shown that the rule, as written, is susceptible to inequitable operation. Therefore, the court suspended all provisions of Rule 238 delay damages "which as-

sess delay damages against defendants without regard to fault . . . ," id. 65, 515 A.2d at 1353, and instituted the practice of a petition for Rule 238 delay damages and a discretionary hearing to resolve any factual disputes.

The mere passage of time between the commencement of suit and verdict is no longer the touchstone of Rule 238 damages; fault has replaced it. Fault is to be measured by the conduct of the parties, including: "the parties' respective responsibilities in requesting continuances; the parties' compliance with rules of discovery; the respective responsibilities for delay necessiated by the joinder of additional parties; and other pertinent factors." Id. at 66, 515 A.2d at 1353. Clearly, only delay caused by the conduct of defendant can be used to determine delay damages; to do otherwise would be to reward plaintiff for his own dilatory tactics.

The presence of this partial list of factors in the Craig opinion makes two salient points regarding the calculation of delay damages. First, it enumerates certain specific factors which should be assayed by the trial judge. Second, the mere presence of a list, whether partial or exhaustive, suggests that some actions of defendant during the process of litigation, while perhaps time-consuming, do not constitute delay under Rule 238. Otherwise, we would simply subtract from the total time taken to resolve the case the delay attributable to plaintiff, and assess the remainder against the defendant.

From these two points we conclude that the only actions on the part of defendant to be weighed in calculating delay damages are those which result in untoward delay (to be distinguished from delay which amounts to nothing more than the passage of time). Untoward delay exists when time was unnecessarily lost due to some action by defendant de-

signed to create delay without also furthering a legitimate litigation interest. Delay for delay's sake will always be untoward. The defendant will be responsible in damages for delay based solely on unnecessarily lost time resulting from his own culpable conduct.

Our interpretation of the effect of Craig on Rule 238 gives maximum effect to the intent of the rule to expedite actions for bodily injury, death or property damage by neutralizing any advantage to defendant in needlessly delaying the eventual recovery by plaintiff. The other purpose for the rule, to "stimulate[e] early settlement of claims," Craig, 512 Pa. at 65 n. 4, 515 A.2d at 1353 n. 4, has been foiled by the inequitable results flowing from its application as originally written.

Therefore, it is the petitioning party's responsibility to establish untoward delay, as defined supra, and to prove the actual time lost due to the respondent's culpable actions. In the case sub judice, both parties agreed at oral argument that neither side did anything which caused untoward delay in the proceedings. Therefore, plaintiff's petition for imposition of Rule 238 delay damages is denied.

In his petition, and during oral argument, plaintiff puts great emphasis on the fact that defendant never made an offer to settle the case. He apparently sought to persuade the court that failure to proffer settlement should be interpreted as culpable conduct leading to untoward delay. This interpretation, however, misapprehends the effect of a settlement offer on Rule 238 delay damages. Subsection(e) of Rule 238, unaffected by the opinion in Craig, provides the settlement offer to defendant as a device to avoid liability for all subsequent delay. If the offer meets certain criteria, and is refused by plaintiff, the

court may consider only such delay as occurs before the tendering of the offer.

A correct reading of Rule 238(e), therefore, puts the defendant at risk for delay damages only if he refuses to make a reasonable settlement offer. Plaintiff here would have such a refusal serve as a guarantee of defendant's liability for Rule 238 damages. Had this been the intention of the Supreme Court, failure to offer a settlement would have been included in the Craig list. Instead, it instructed that liability will be found based on a consideration of a number of other specific factors. An offer to settle, therefore, serves as the gatekeeper for Rule 238 delay damages. Refusal to tender a settlement offer merely opens the gate; it is not a factor to be weighed in determining liability under the rule.

## ORDER OF COURT

Now, January 16, 1987, for the reasons set forth in the appended memorandum opinion, plaintiff's petition for imposition of Rule 238 delay damages is denied.