## Baker v. S & L Service Company

*John M. Humphrey,* for plaintiff.
*John R. Miller Jr.* and *Thomas King Kistler,* for defendant.

BROWN, *P.J.,* January 27, 1987—Plaintiff is the executrix of the estate of Thomas Motel who died in an industrial accident in Clinton County. She instituted this action against multiple defendants on December 16, 1980. The case was tried before a jury which apportioned negligence between plaintiff's decedent and defendant, S & L Service Company, and on October 17, 1986, awarded damages in favor of plaintiff. On October 20, 1986 the court molded the verdict to reflect the jury's assessment of liability resulting in a damage award of $283,281.43.

Plaintiff timely filed her petition for delay damages pursuant to the Supreme Court's modification of Pa.R.C.P. 238 in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 105 E.D. Appeal Dkt. (1985). Defendant filed its response to the petition within five days. The opinion in *Craig,* supra, was filed on October 8, 1986. Both parties were aware of the decision and based their procedure and arguments on their reading of the opinion.

The constitutionality of rule 238 was upheld in *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981). The Supreme Court found that the rule was basically procedural and that its substantive effects were collateral. Therefore the court held that it had the power to promulgate such a rule. The Supreme Court in *Craig* specifically declined to overrule *Laudenberger*. However it stated that a procedural rule which punishes without a determination of fault is inconsistent with due process, and they pointed out the obvious substantive qualities of the rule. The rule inherently places blame for all delay on a defendant. This inequity caused the Supreme Court to suspend the mandatory provisions of rule 238 which assesses delay damages against defendants regardless of fault.

In its stead the Supreme Court directed that the presiding judge consider the petition and answer of plaintiff and defendant with regard to delay damages. The judge may hold a hearing on the matter before rendering a decision. The judge's decision is to be based on several factors including: the length of time between the starting date and the verdict, the parties' responsibilities for continuances, their compliance with the rules of discovery, delays necessitated by joinder of additional parties, and other pertinent factors.

Based on these general guidelines plaintiff has argued that she caused no delays in that she requested no continuances, complied with the rules of discovery, and did not cause any delay from joinder of additional parties. She further argues that defendant made no offer of settlement until October 6, 1986. Plaintiff rejected that $30,000 offer and countered with a $90,000 demand. Plaintiff argues that defendant's rejection of that proposal and other

settlement proposals made after the jury returned a liability verdict were unreasonable and that defendant has no grounds to assert that it was prejudiced by delays in this case. Plaintiff also argues that defendant's failure to praecipe the case for trial was a delay. Plaintiff asks for delay damages of 10 percent per annum uncompounded from June 6, 1981 through the date of payment.

Defendant argues that any delays in this case were the fault of plaintiff and the other defendants who settled plaintiff's claims against them before trial. Defendant argues that any delays occurring on or before October 26, 1982, were the fault of plaintiff. Defendant contends that October 26, 1982, should be the date of the actual initiation of this lawsuit for purposes of rule 238 since that was the date on which plaintiff voluntarily amended her complaint. Defendant next argues that the discovery phase which began with the filing of the amended complaint was rife with delays which were the fault of plaintiff and other defendants. Defendant claims that it scheduled none of the depositions taken in this case. Defendant argues that plaintiff was responsible for the delays during this discovery period because she was developing two separate theories of liability against defendants. Defendant states that plaintiff was proceeding against it only on a negligence theory and that discovery on that portion of the action was substantially completed by July 1983. Defendant states that plaintiff and the other defendants continued to take depositions through March 29, 1985, on the other theories of liability in the case. Defendant argues that it was responsible for none of this delay.

Additionally, defendant argues that it had no opportunity to settle the suit because plaintiff refused to generate a settlement demand. At the hearing on

this matter defendant argued that the claims representative for its insurance company had telephoned plaintiff's counsel requesting a settlement demand in April 1984. An oral request for a demand was made to plaintiff's counsel at the depositions taken in June 1985. Counsel for S & L sent a written request to plaintiff's counsel for a settlement demand on July 22, 1985. Plaintiff's counsel responded on July 24, 1985, writing that he was not able to make a firm settlement demand at that time. Defendant contends that plaintiff's first demand for settlement was made on September 9, 1985.

Defendant also argues that plaintiff caused delay in its failure to provide defendant with the names and reports of expert witnesses until the spring of 1986.

A condensation of defendant's arguments would be that:

(1) It is not responsible for any delay in the progress of this case to trial.

(2) For purposes of assessing delay damages this court should find that the case was instituted on October 26, 1982.

(3) The earliest possible date that this defendant could be responsible for any delay would be September 9, 1985.

In its brief, defendant argues that plaintiff has not met its burden in light of the decision in *Craig*. Defendant's position seems to be that plaintiff has merely denied her responsibility for delay without affirmatively presenting positive evidence which shows that she was moving her case steadily toward trial. Defendant also argues that this court has the duty to apportion the responsibility for delay among all the parties to the case, and to consider that some delays are no party's responsibility.

In several respects defendant's points are valid and deserve some weight in the court's attempt to assess or apportion delay in these proceedings. Initially the court agrees that there were a number of other defendants involved in this suit all of which had either been dismissed from the case or who had reached a settlement with plaintiff prior to trial.

Hammermill Paper Company was originally sued as a defendant by plaintiff when the complaint was filed. Subsequently several of the defendants including defendant S & L Service Company (the present defendant) filed complaints also joining Hammermill as an additional defendant. As a result of its immunity as the employer of plaintiff's decedent under the Workmen's Compensation statute, Hammermill was dismissed from the case by court order dated September 17, 1982.

In addition, Strick Corporation was an original defendant who settled with plaintiff shortly before trial. Also, Milton Transportation Company was another original defendant who also settled with plaintiff shortly before trial. Named as individual defendants by plaintiff were Lester Younkin and Raymond Younkin both in their individual capacities and as employees of S & L Service Company. The Younkins individually were dismissed from the suit voluntarily by plaintiff prior to trial.

Thus the only defendant left for trial was S & L Service Company, the present defendant, who is litigating the issue of delay damages. A review of the docket entries in the case does not suggest to the court any actions with respect to discovery which materially delayed the proceedings. While it is true that defendant S & L Service Company joined Hammermill Paper Company as an additional defendant, it is also true that plaintiff originally sued Hammermill Paper Company as a defendant and it

was therefore necessary for the court to dismiss Hammermill not only as an additional defendant but also as an original defendant. Under such circumstances any delay attributable to Hammermill's being a party defendant in the proceedings is traceable to plaintiff's original complaint as well as the joinder proceedings of several of the defendants.

The second point made by defendant which the court believes is germane to the present inquiry is that plaintiff in her complaint did pursue two separate and distinct theories of liability. A products liability theory was asserted against defendants Strick and Milton Transportation Company and this is the aspect of the case which was settled prior to trial. As the court understands that settlement it also took into account the issue of delay damages. The other theory of liability was a negligence theory brought against S & L Service Company because of the actions of its employees at the loading dock where decedent was killed. It would appear from an examination of the docket entries in the case that much of the discovery activity generated by defendants was generated by those defendants who were being sued under the products liability theory. Accordingly the court is reluctant to find that defendant S & L Service Company materially delayed the case as a result of pretrial discovery maneuverings.

A third factor which the court believes relevant in any inquiry with respect to the cause for delay relates to the fact that plaintiff did not praecipe the matter for trial until May 17, 1986. Following counsel's pretrial conference, plaintiff filed her report of counsel's pretrial conference on July 10, 1986, and the matter was then scheduled for a pretrial conference with the court on October 1, 1986. The matter then proceeded to trial on October 14, 1986, resulting in the verdict previously mentioned. Plaintiff ap-

pears to argue defendant S & L's dereliction in not praeciping the matter for trial. However, the court is not convinced the duty to praecipe a case for trial rests more with defendant than with plaintiff. As late as the early part of 1986 plaintiff was still taking depositions of expert witnesses and thus did not have such reports in hand for defendant S & L or any of the other defendants. Against this background it is difficult to attribute the delay in bringing the matter to trial to any of defendants.

It is also significant that plaintiff was unable to make a demand for settlement to defendant S & L for a considerable period of time after it was initially requested in April 1984. It would appear that the earliest such a demand was made was on September 9, 1985, 13 months prior to the commencement of trial. However even at that date plaintiff was not ready for trial not having had completed discovery with respect to her own expert and not having praeciped the matter for trial.

The court would agree that defendant S & L Service Company was derelict in not settling the case in the week or so prior to trial as part of the package settlement in which the other defendants settled. The $90,000 requested of S & L at this time was reasonable in view of the near certainty that S & L's negligence would be established. The court is aware that S & L's counsel actively attempted to persuade the insurance carrier to accept the settlement offer. However, the carrier for whatever reason exhibited gross unreasableness in responding to the settlement through its multi-tiered bureaucracy. The trial proceedings were even delayed awaiting a telephone call which never came that would have settled the case. If ever a carrier deserved to be penalized for unreasonableness and obstinance in settling a case this would be the case. However, un-

fortunately for plaintiff this delay occurred at the eleventh hour, and in view of *Craig* such a delay cannot be related back to the first hour. It is to be hoped that the carrier recalcitrance exhibited in this case is not a sign that the insurance industry has become intoxicated on the cork of its nationwide public relations campaign against jury awards. If so, cases such as the present one should have a sobering effect in dispelling the notion that where justly due a jury will not award a substantial verdict.

After considering the factors discussed herein, it is the court's judgment that delay damages should be assessed no earlier than the time the matter was praeciped for trial by plaintiff. The apportionment of damages in a case such as this involving multiple parties and multiple theories of liability is of course not an easy task and the decision in *Craig,* supra, does not provide any specific guidance in carrying out this judicial function. The matters discussed in *Craig* lead the court to conclude however that little if any early delay can be attributed to defendant S & L Service company and that the earliest any responsibility should be assessed would be as of the time the matter was praeciped for trial on May 27, 1986.

The court has considered plaintiff's argument with respect to the amount of money earned by the carrier in this case on the amount of the award. However, this is not a germane consideration in view of the modification of Pa.R.C.P. 238 eliminating any automatic assessment of delay damages. The amount of money earned by the carrier on the award from the time of institution of the proceedings through verdict bears no relationship to having been at fault in causing the delay. Accordingly, plaintiff's evidence and arguments with respect to these interest figures is rejected.

## ORDER

And now, January 27, 1987, based upon the foregoing opinion, it is hereby ordered that defendant S & L Service Company pay plaintiff delay damages on the amount of the verdict entered in this case, $283,281.43 at the rate of 10 percent per annum to be computed from May 27, 1986, through the date of payment.