## Akers v. Rockwell

*Barry L. Smith,* for plaintiffs.
*W. Patrick Delaney,* for defendant.

WOLFE, *P.J.,* March 26, 1987—Plaintiffs have filed a petition for delay damages pursuant to rule 238 of Rules of Civil Procedure and plaintiff James H. Akers has filed a timely post-trial motion for a new trial for the reason the jury awarded no damages to him for his claim of loss of consortium of his wife's services.

## DELAY DAMAGES

We have studied the case of *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986). The *Craig* court rejected the holding of *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981) in that the *Laudenberger* court holding became an uncontestable presumption that all fault for delay in the movement of a case was with defendant. The *Craig* court directed the trial judge to review all of the circumstances of the case, including the conduct of both parties in the movement of the case, considering elements of requests for continuances, timely compliance with rules of discovery, delay, if any, for joinder of additional parties and "other pertinent factors."

We interpret *Craig,* supra., holding to be applied generally and not in a narrow context.

In the case sub judice the complaint was filed July 11, 1986, claiming a cause of action in trespass to plaintiffs occurring by reason of an auto accident on May 22, 1985. As the case developed it became clear, indeed defendant did not contest the issue at trial, defendant was negligent in inflicting injury on plaintiff, Bellah A. Akers, who suffered a lumbar back injury that she maintains rendered her incapable of being gainfully employed.

At the outset plaintiffs made a demand for $100,000, as time progressed reduced it to $80,000 and at time of pre-trial conference, to $50,000. Defendant's offer of $10,000 was made on July 18, 1986, for full settlement. This offer was rejected. The verdict was rendered on February 23, 1987, awarding Bellah A. Akers $10,000 for loss of future earnings and $30,000 for pain and suffering, and no damages to James H. Akers for loss of consortium.

Neither party requested a continuance nor any other procedural conduct that would stall the case. Defendant did fail to timely answer the complaint and plaintiffs acted rapidly in entering a default judgment which was opened on defendant's petition as defendant had a viable defense, filed a timely petition to open, and the reason advanced for the default was rational, that counsel for defendant was on vacation and his office neglected to file the answer.

Plaintiffs' argument is that in view of the injury suffered and the lack of any defense to allegations of negligence, it was therefore bad faith and for purposes of delay the $10,000 offer was made. The history of rule 238 as reviewed in *Craig,* supra, was not to award deliberate delay on the part of a tort-feasor. Instantly, it appears to be plaintiffs' argument because there was no question of liability, a faster and more realistic offer should have been made. We reject the concept that because of lack of a defense a tortfeasor may not reasonably advance a damage defense and the offer be based solely on defendant's calculation of reasonable damages. In light of the split verdict between damages for pain and suffering and that for loss of employment, the offer of $10,000 was reasonable when it is considered in the light of the pretrial circumstances. The main thrust of plaintiffs' action was Mrs. Akers was about to launch into employment in the business world because she had now raised all of her children and would have time to earn a substantial amount. At the time of trial she testified that she calculated her loss for her work-life years at $125,464. She was married 19 years and had attended school to the eighth grade and had no special skills. In light of the award for lost wages, we cannot find the offer was unreasonable. Even considering the verdict in aggregate, simply because the verdict was four times

the offer does not per se indicate any calculated delay or lack of a good faith offer. Finally, the case moved with good speed, and plaintiff points to no prejudice by reason of the short period of time over which the case was concluded. For these reasons we do not award delay damages.

## POST-TRIAL MOTION

Plaintiff James H. Akers Sr., argues the verdict was against the evidence in that there was no evidence for the jury to find he did not suffer damages through loss of consortium of the services of his wife. We disagree. It is now axiomatic all of the record must be viewed in the light most favorable to the verdict winner. It is also established beyond question the jury does not have to accept testimony from any witness, even though it be uncontradicted. The record here shows plaintiff, James H. Akers Sr., was on total social security disability prior to his wife's injury. This factor alone is sufficient reason the jury could arrive at its finding since he was incapable of gainful employment, services he rendered for domestic duties were of no value. Counsel argues, nonetheless, the record shows plaintiffs did not share the same bedroom due to the wife's back injury. By implication this argument is that the parties could not copulate. There is no evidence to support this argument.

Finally, many of the duties the husband testified he performed were those expected in any marriage.

For these reasons we enter the following

## ORDER

And now, this March 26, 1987, the petition for delay damages is denied and the post-trial motion for new trial on behalf of plaintiff James H. Akers Sr., is denied.