539 A.2d 512

City of Philadelphia and Cornell Thompson, Appellants v. John Owens and Joan Owens, Appellees.

Argued December 17, 1987, before Judges MAC-PHAIL, BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, with her, *Norma S. Weaver,* Deputy in Charge of Claims, *Handsel B. Minyard,* City Solicitor, for appellants.

*Samuel S. Davis, Bernstein, Bernstein & Harrison, P.C.,* for appellees.

OPINION BY JUDGE MACPHAIL, March 29, 1988:

The City of Philadelphia and Cornell Thompson (Appellants) appeal from the order of the Court of Com-

mon Pleas of Philadelphia County denying Appellants' motion for Judgment Notwithstanding the Verdict, or in the alternative, for a New Trial or Remittitur and entering judgment on the verdict in favor of John Owens (Appellee)[1] in the amount of $353,379.29 plus delay damages of $164,321.37 for a total verdict of $515,700.66. We affirm.

On February 8, 1980 Appellee was injured in a motor vehicle accident caused by a City of Philadelphia garbage truck driven by Appellant Cornell Thompson in the course and scope of his municipal employment. Appellee was working as a truck driver for Frankford Grocery and was in the cargo area of his parked truck unloading groceries at the time of the accident. The garbage truck hit the left rear of Appellee's truck and jolted it forward. As a result, Appellee's body was twisted and thrown inside the truck. Cases of groceries came falling down upon him, hitting him in the head, neck, back and legs. A Philadelphia police officer, who happened to be visiting the store on a routine security check, took Appellee to Albert Einstein Medical Center where he was treated and released. He was later examined and treated by Dr. Phillip Getson, who was treating him through the time of the trial on October 29 through November 5, 1985.

Dr. Getson testified at the trial that Appellee has a permanent loss of range of motion of 20% in his lower back. Notes of Testimony (N.T.) of October 31, 1985 at 68-69, Reproduced Record (R.R.) at 15a-16a, Supplemental Reproduced Record (S.R.R.) at 104b-105b. Specifically, Appellee can no longer bend as fully from side to side or forward or backward and cannot twist at the waist. Consequently, Appellee has difficulty bending

---

[1] A judgment of non-suit was entered against Joan Owens, which judgment has not been appealed.

and lifting objects and can no longer play golf or other sports. The trial court found that "[s]ince the accident, the plaintiff [Appellee] has been in constant pain and is unable to participate in activities which he had previously enjoyed." Trial Court Opinion at 2. Damages were awarded in the amount of $185,000 for pain and suffering as part of the total damage award.

42 Pa. C. S. §8553(c), commonly referred to as Section 8553(c) of the Political Subdivision Tort Claims Act, provides in pertinent part that damages for pain and suffering can be recovered in cases such as this "only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment. . . ." At the outset of the trial and in his opinion, Judge BEREL CAESAR interpreted the phrase "permanent loss of a bodily function" to mean "a diminution of function in the nature of a permanent loss of a range of motion to a degree that is statistically significant."[2] Trial Court Opinion at 5, N.T. of October 29, 1985 at 4, R.R. at 11a, S.R.R. at 2b. This phrase had been previously interpreted in the case of *Savitt v. City of Philadelphia,* 557 F. Supp. 321, 328 (E.D. Pa. 1983), to mean that "the plaintiff, as a [proximate] result of the accident, can no longer perform a physical act or acts which she was capable of performing prior to injury proximately resulting from the accident, and that this loss of bodily function is permanent, that is, that this loss of a bodily function will exist for the remainder of her [Mrs. Savitt's] life."

Appellants contend that in order to recover damages for pain and suffering in connection with the loss of a bodily function, one must be completely unable to use

---

[2] Judge CAESAR stated that, in the court's opinion, ten to fifteen percent loss of range of motion would be statistically significant under the facts of the instant case. N.T. of October 29, 1985 at 4, R.R. at 11a, S.R.R. at 2b.

that body part. They analogize 42 Pa. C. S. §8553(c) to Section 306(24) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(24), which provides that the loss of the *use* of an appendage or eye shall be considered as the equivalent of the loss of the appendage or eye for the purposes of that section. Because the purposes and the language of these two Acts are so different, such a comparison is not feasible.

Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903, provides in pertinent part that "[w]ords and phrases shall be construed according to . . . their common and approved usage" and that "[g]eneral words shall be construed to take their meanings and be restricted by preceding particular words." Webster's Third New International Dictionary 921 (1966) defines the word "function", as it relates to the body, as "the normal and specific contribution of any bodily part (as a tissue, organ, or system) to the economy of a living organism." Stedman's Medical Dictionary 560 (23d ed. 1976) defines "function" as "[t]he special action or physiologic property of an organ or other part of the body." The definitions in *Savitt* and in Judge CAESAR's opinion both fit perfectly well within the dictionary definitions of the word "function" and the guidelines of Section 1903 of the Statutory Construction Act. Section 8553(c) does not provide that a plaintiff must have a *complete* loss of all function of a body part. The trial court accepted the testimony of Dr. Getson, as is within its province to do, that Appellee has permanently lost 20% of his former range of motion of his lower back. That range of motion was a function of Appellee's lower back and it is now lost. Furthermore, in keeping with the *Savitt* interpretation, Appellee was found by the trial court to be unable to perform physical acts which he was capable of performing prior to this injury.

Therefore, Appellee has lost a bodily function and is entitled to damages for pain and suffering pursuant to 42 Pa. C. S. §8553(c).

We next address the issue of delay damages. Appellants contend that on the basis of *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), we must remand the instant matter for consideration of the criteria enumerated in that opinion regarding delay damages awarded pursuant to Pa. R.C.P. No. 238. Our state Supreme Court indicated that:

> [T]he suspension of the mandatory provisions of Rule 238 is to be given prospective effect only. Those parties whose cases are now in the appellate or post-trial process, who have not asserted attacks on the Rule 238 aspect of the damage award, may not now assert such challenges. However, in those cases where the issue has been preserved, the court before whom the case resides on or after this date is to resolve the issue in a manner consistent with this opinion.

*Id.* at 66, 515 A.2d at 1353. In the instant case, Appellants raised an objection to the constitutionality of Rule 238 in the new matter portion of their answer. They did not, however, attack the Rule 238 aspect of the *damage award* in their post-trial motions. Therefore, they have not properly preserved this issue in accordance with *Craig,* and it is waived.

We, accordingly, affirm the decision of the Court of Common Pleas of Philadelphia County.

## ORDER

The order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.