**Blum v. Merrell Dow Pharmaceuticals Inc.**

*Thomas R. Kline,* for plaintiff.

*Joseph Conley* and *Gail M. Burgess,* for defendant.

D'ALESSANDRO, *J.,* May 12, 1988 — Plaintiffs have petitioned the court for an award of delay damages pursuant to rule 238 of the Pennsylvania Rules of Civil Procedure. Under the Supreme Court's ruling in *Craig v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986), they argue that they are entitled to delay damages at a rate of 10 percent per annum on the compensatory verdict of $1,000,000, from September 13, 1982, the date suit was initiated, to January 20, 1987, the date of the verdict. Mathematically, this 4.35 years calculates to a proposed delay damages award of $435,000.

Once again, at the trial level, we are called on to interpret and apply the directive set forth in *Craig. Craig* suspended the automatic application of rule 238, and specifically directed the trial courts of our commonwealth to inquire into certain factors which caused delay, in determining whether a defendant should be ordered to pay delay damages. In *Brenner v. Acme Markets,* Philadelphia Court of Common Pleas, 82-07-373, this court stated that "the defendant cannot be faulted or punished for a systemic delay inherent in the ... [court docket]." With

these guidelines in mind, the court will now apply the holding in *Craig* and its own pronouncement in *Brenner* to the case at hand.

It is undisputed that plaintiffs filed their complaint in this matter on October 30, 1982. It is also undisputed that the jury returned a verdict against the defendants on January 20, 1987. As such, the time frame we must consider in addressing whether the 4.35 years between the date the complaint was filed, and the verdict reached, is clearly evident from the record.

In this matter, we are confronted with an issue not yet considered by the appellate courts of this commonwealth. That being, if some delay is attributable to defendants, does the *Craig* decision warrant a partial delay-damage award? Put another way, if both the systemic delay inherent in the court docket, and certain actions engaged in by defendants, delay the case in going to trial, can defendants be held responsible, and delay damages assessed against defendants for that portion of the delay attributable to them? The court answers such an inquiry in the affirmative.

Between September 13, 1982, the date the complaint was filed in this case, and October 1, 1986, the date the case was first called to trial, it proceeded through the civil docket system in normal course. It could not have been called to trial prior to that date due to the simple fact that the docket system, with limited exceptions not applicable here, works in a chronological manner; that is, first filed, first tried. As such, even if it can be successfully argued that defendants in some way perpetuated delay during the period from October 30, 1982 to October 1, 1986, the date the case was called to

trial, no delay damages can be awarded for this period because the actual delay is attributable to the docket system.

However, the time frame from October 1, 1986, to January 20, 1987 requires different treatment, and any delay which occurred during this period, which is attributable to defendants, can properly be assessed to them under rule 238 and *Craig*. A review of this time period shows that the defendants engaged in delay tactics warranting the imposition of rule 238 delay damages.

When the case was first called to trial on October 1, 1986, the defendants requested a continuance. At this late point in time, defendants had not yet taken the deposition of plaintiffs. Defendants had not yet identified their experts. They had not even taken the depositions of the treating doctors. Four years had passed since the filing of the complaint, and some of the most important discovery had not been completed by defendants. Due to their failure to engage in these tasks, the trial was delayed and could not proceed at that time. Between October 1, 1986 and November 21, 1986, the following activities were engaged in by defendants, all causing delay in the case going to trial: October 17, 1986 — deposition of treating obstetrician taken; October 20, 1986 — depositions of orthopedic surgeons taken; October 23, 1986 — defendants identify their experts; October 30, 1986 — defendants file a motion to compel examination of the minor plaintiff; October 31, 1986 — minor plaintiff examined; November 6, 1986 — further examination of minor plaintiff; November 1, 1;986 — depositions of *newly identified defense experts* taken by plaintiffs; November 4, 1986 — depositions of *newly identified defense experts* taken by plaintiffs. The case eventually went to trial on November 21, 1986. How-

ever, it is evident from the record that defendants, by failing to engage in discovery in a timely manner, delayed this case in going to trial. In four years they neglected such activity, and at the expense of the court and plaintiffs' time, engaged in such activity while the case was ready to be tried.

Rule 238 continues to be the method of assessing damages for such conduct on the part of defendants, and as such, the court determines that rule 238 must be applied in this situation.

Applying rule 238, the period of delay is from October 1, 1986, the date the case was first ready to be tried by the court and plaintiffs, to January 20, 1987, the date the verdict was rendered, a total of 112 days. Rule 238 mandates an award of delay damages at a rate of 10 percent per annum. Thus, delay damages for one year on a verdict of $1,000,000 would be $100,000. In this case, the delay calculates to 30.68 percent of a year or 112 days. Accordingly, the proper award of delay damages is 30.68 percent of $100,000 or $30,680. The award of delay damages against defendant is $30,680. Lastly, the compensatory award far exceeded 125 percent of any settlement offer and as such the second requirement of rule 238 is satisfied.

The court awards $30,680 in delay damages against defendant, Merrell Dow, and in favor of plaintiff, Jeffrey Blum.

## ORDER

And now, May 12, 1988, upon consideration of plaintiff Jeffrey Blum's petition for delay damages, and defendants' Merrell Dow Pharmaceutical's and Rite-Aid's response thereto, it is hereby ordered and decreed that delay damages are awarded in the amount of $30,680.