507 A.2d 1258

**Robert & Elizabeth YATES, Appellants,**

**v.**

**PACOR, INC., Eagle-Picher Industries, J.P. Stevens Co., GAF Corporation, Keene Corp., Raymark Industries, Inc., Celotex Corporation, Southern Textile Company, H.K. Porter Company, Forty-Eight Insulations, Inc., Garlock, Inc., Owens-Illinois Glass Company, Fiberboard Corporation, Owens-Corning Fiberglass Corporation, Pittsburgh Corning Corporation, Nicolet Industries, Inc., Armstrong World Industries, Inc., Nosroc (Formerly G. & W.H. Corson), U.S. Gypsum Flintkote, National Gypsum, Star Industrial, Cooney Brothers, Barker Pipe Fittings, PA Welding Supply, Esco Electrical Supply, Rumsey Electric Company, Herman Goldner, Kent Tile, C.E. McCormick Essex Chemical Corporation, Bondex International, Inc., M. Buten & Sons, M.A. Bruder & Sons, Muralo Company, Inc., I.P.A. Systems, Inc., Carey Canadian.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1986.

Filed April 25, 1986.

Daniel G. Childs, Philadelphia, for appellants.

Before OLSZEWSKI, TAMILIA and KELLY, JJ.

TAMILIA, Judge:

On June 7, 1983, plaintiff/appellant instituted the instant action by filing a complaint in assumpsit, trespass and admiralty against various manufacturers and suppliers of asbestos products. Appellant alleges he suffers from injuries caused in part by his inhalation of asbestos.

On January 16, 1985, after the original defendants had been served, appellant filed his third reinstated complaint naming, inter alia, appellee, M. Buten and Sons, as an additional defendant. On April 15, 1985, M. Buten and Sons filed preliminary objections to appellant's reinstated complaint, specifically objecting to appellant's use of Pa.R.C.P. 1010(b) [1] to effectuate joinder.

The lower court granted M. Buten and Sons' preliminary objections and dismissed appellant's reinstated complaint as against this defendant. The court, relying on its prior decision in *London v. Pennsylvania Brake Bonding Company*, No. 8305–6849 (2268) (C.C.P. March 6, 1985) (C.C.C. May 29, 1985) (Opinion on reconsideration), held that after service of a party defendant, a plaintiff may only effectuate joinder by means other than Pa.R.C.P. 1010(b). The appropriate means of joinder in the case *sub judice* was determined to be pursuant to Pa.R.C.P. 2232(c); requiring appellant to petition the court for allowance to join defendant, M. Buten and Sons. Additionally, the court conceded it had previously allowed joinder pursuant to Rule 1010(b) regardless of prior service upon any original defendants;[2] thus acknowledging its new finding constituted a reversal.

Appellant now contends the lower court erred in dismissing his reinstated complaint which added an additional defendant under Pa.R.C.P. 1010(b) after other defendants had been served. Appellant urges that a plain reading of Rule

1.  Pa.R.C.P. 1010 is now Pa.R.C.P. 401. Adopted June 20, 1985, effective January 1, 1986. Appellant's brief and the lower court Opinions were filed prior to the effective date of Rule 401.

2.  *See Greene v. Pacor, Inc.*, No. 8301–2391 (1916) (Phila.C.C.P. April 12, 1984); *Randall v. Pacor, Inc.*, No. 8307–4967 (2369) (Phila.C.C.P. March 15, 1984).

1010(b) permits addition of defendants at the time of reinstatement of the complaint or reissuance of the writ regardless of whether process has been previously served on any of the named original defendants. Pa.R.C.P. 1010(b) provides that:

(b) A writ may be reissued or a complaint reinstated at any time and any number of times. *A new party defendant may be named in a reissued writ or a reinstated complaint.* (emphasis added)

Appellant would have us interpret this to mean that at any phase of an action, a new party defendant may be added merely by reissuing a writ or reinstating a complaint and naming the new party therein. We find it significant that Pa.R.C.P. 401, which replaces former Rule 1010, has added new language apparently refuting appellant's interpretation. Pa.R.C.P. 401(b) provides, in pertinent part, that:

(b)

(1) *If service within the Commonwealth is not made within the time prescribed by subdivision (a)* of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

(2) a writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint. (emphasis added)

The new language in Rule 401(b) unambiguously limits application of the rule to "If service...is not made within the time prescribed ...". In contrast, we turn to Rule 2232 which is concerned with various aspects of joinder. More specifically, Rule 2232(c) addresses the power of the court to join additional parties and provides, in pertinent part, that:

At any stage of an action, the court may order the joinder of any additional person who could have been

joined or could have joined in the action and may stay all proceedings until such person has been joined. . . .

■ In its entirety then, Rule 2232 exclusively pertains to joinder of parties. Former Rule 1010, and Rule 401, when read in their entirety, primarily address the process whereby a plaintiff may continue the viability of otherwise stale process by reinstatement of the complaint or reissuance of the writ. We agree with the lower court that since Rule 1010 (Rule 401) is chiefly concerned with means of continuing the validity of stale process, Rule 1010(b) "joinder" is properly limited to situations in which a complaint is being reinstated or a writ reissued solely because it was not served on any of the original defendants. In such a situation, Rule 1010(b) "joinder" can be effectuated during the reinstatement or reissuance. However, once a party defendant is served, Rule 1010(b) cannot be used as a joinder device since to do so would ignore the purpose of Rule 1010 and obviate the purpose of Rule 2232. Therefore, once a party defendant is served, plaintiff may only effectuate the joinder of additional parties by means other than Rule 1010(b) (401(b)).

■ While we agree with the lower court that use of Rule 1010(b) was not appropriate in the instant action, we find application of this ruling to appellant would be unfair. Although proper for the lower court to reverse its prior rulings, retroactive application of the new rule would be severely prejudicial to appellant.

■ Retroactive application of an overruling decision is a matter of judicial discretion which must be exercised on a case by case basis. *August v. Stasak*, 492 Pa. 550, 424 A.2d 1328 (1981). The Pennsylvania Supreme Court, in *August*, advanced a test for deciding whether an overruling decision will have retroactive or prospective effect. The test balances the hardships imposed upon the parties. In the case before us appellant has no recourse to the Rules of Civil Procedure to effectuate joinder of additional defendant M. Buten and Sons due to expiration of the statute of

limitations. Appellant relied upon prior precedent in adding M. Buten and Sons under Rule 1010(b) and will have no remedy if the ruling is applied other than prospectively. For the foregoing reasons, the Order of the lower court in granting the preliminary objections and dismissing appellants' Reinstated Complaint is vacated and the Reinstated Complaint is hereby restored.

Jurisdiction relinquished.