166

**Alvin LASTER, Appellant,**

v.

**GLASGOW, INC.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1987.

Filed Nov. 17, 1987.

Edward T. Feierstein, Philadelphia, for appellant.

John J. O'Brien, Jr., Philadelphia, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order denying appellant's request for delay damages following the entry of a jury verdict in his favor.

On September 29, 1986, the trial began in the civil suit brought by Alvin Laster, appellant, against Glasgow, Inc., appellee. On October 10, 1986, the jury awarded appellant $150,000 in damages. At the conclusion of the trial and subsequent to the verdict being received in open court, counsel for the appellant made an oral motion for delay damages. *See* Pa.R.C.P. No. 238, 42 Pa.C.S.A.[1] The lower court advised that it would compute the delay damages and mold the verdict to reflect the addition of delay damages. Defense counsel did not object to this.

After computation of the delay damages, totalling $32,-999.99, but before filing the order for damages, the lower court became aware of the decision of the Pennsylvania Supreme Court in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), and accordingly the computation was crossed out on the verdict sheet. The verdict sheet was then filed indicating no delay damages on

1. Rule 238, states in pertinent part:
    (a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. § 30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. § 1301.101 et seq., shall
    (1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision;
    (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision.

the basis of the above case. On October 24, 1986, the lower court handed down its order that no delay damages would be awarded in this case since the plaintiff had not filed a petition in accordance with the requirements as set forth in *Craig v. Magee Memorial Rehabilitation Center, supra.*

In *Craig*, the Pennsylvania Supreme Court was faced with a due process challenge to Rule 238. The appellant in *Craig* argued that Rule 238 punishes a defendant without fault. In response to this challenge, the court stated:

Having had now the opportunity for observation of the workings of Rule 238, and being presented herein with a factual context which frames in sharp relief the Rule's inequitable operation, we direct that those mandatory provisions of Rule 238 which assess delay damages against defendants without regard to fault are suspended as of this date for all cases now pending in the courts of this Commonwealth, and for any cases instituted hereafter.

In its stead we direct that claims for delay damages are to be presented by petition within five days of a jury verdict or arbitration award.

*Craig, id.,* 512 Pa. at 65, 515 A.2d at 1353. The opinion in *Craig* was filed October 8, 1986, two days before the jury verdict below.

The directives of *Craig* are clearly applicable to the instant case. As such, appellant was to file a petition within five (5) days of a jury verdict. This, appellant failed to do. However, this failure will not act to deny appellant an opportunity to comply with the directives of *Craig.*

It is axiomatic that the Rules of Civil Procedure are to be construed liberally to secure the just determination of applicable proceedings. Pa.R.C.P. No. 126, 42 Pa.C.S.A. For the following reasons, we find that the lower court's strict adherence to the changes instituted by *Craig* resulted in an unjust denial of appellant's claim.

First, counsel for appellant cannot be held to a standard whereby he is charged with the knowledge of a decision two days after it is handed down. Practicalities in the judicial

system of reporting cases make this standard almost impossible. In fact, *Craig* was not reported in the *Legal Intelligencer* until October 16, 1986, and was not published in the Atlantic Reporter until November 11, 1986.

Second, appellant had no notice, outside of *Craig*, that an oral motion for delay damages was inadequate. It was not until October 24, 1986, when the lower court handed down its order that no delay damages be awarded, that appellant finally received notice that a written petition was required. The lower court, initially unaware of *Craig*, stated that it would formulate delay damages pursuant to appellant's oral motion.[2] We find that it was reasonable for appellant to rely upon the court's statement. It should also be noted that appellee made no objection to appellant's oral motion for delay damages which suggest that it also was uninformed of the recent mandates of *Craig*.

When considering the facts in this case, it is obvious that appellant would be unfairly prejudiced by holding him to a standard of constructive notice of a case filed two day previously. Having taken judicial notice of the fact that appellant's counsel, and practicing bar at large, would not, in the exercise of due diligence, have had notice of *Craig* immediately after its filing, we remand this case for the parties to proceed *nunc pro tunc*, as required by *Craig*.[3]

**2.** The Montgomery County Civil Rules require all motions to be in writing. Since neither party spoke to this issue, we will not *sua sponte* address this aspect. Nevertheless, the fact that the lower court acting in contravention of the local rules would constitute a waiver of the local rule in this instance.

**3.** *Accord Yates v. Pacor, Inc.,* 352 Pa.Super. 335, 507 A.2d 1258 (1986) (retroactive application of an overruling decision would severely prejudice appellant and thus will not be applied). *See* also Rule 105 of the Pennsylvania Rules of Appellate Procedure, which provides:
  **Rule 105. Waiver and Modification of Rules**
  **(a) Liberal construction and modification of rules.** These rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a

Accordingly, we reverse the order of the court below and remand for the filing of a motion for delay damages *nunc pro tunc* and for further proceedings consistent with the directives of *Craig*.

party or on its own motion and may order proceedings in accordance with its direction.

**(b) Enlargement of time.** An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

Pa.R.A.P. Rule 105, 42 Pa.C.S.A.