## Wolfe v. Stover

*Bradley Kearns,* for plaintiff.
*Lisle A. Zehner III,* for defendant.

SMITH, *J.*, January 27, 1988—Defendant-appellant's statement of issues complained of on appeal presents for our consideration the following:

Did this court err in refusing defendant's motion to quash plaintiff's petition for delay damages in accordance with Pa.R.C.P. 238?

We answer the question in the negative.

Following a non-jury trial, the court executed its decision in favor of plaintiff and against defendant in the sum of $3,600. Plaintiff presented to the court a petition for damages in accordance with Pa.R.C.P. 238 and defendant filed a response which included a motion to quash plaintiff's petition. In order to fully understand the nature of defendant's response, a relevant chronology is necessary. Such a chronology is as follows:

| | |
|---|---|
| Tues., Oct. 27, 1987: | Court executed its decision. |
| Wed., Oct. 28, 1987: | Court's decision filed in prothonotary's office. |
| Thurs., Oct. 29, 1987: | Decision entered on prothonotary's docket. |
| Fri., Oct. 30, 1987: | |
| Sat., Oct. 31, 1987: | Prothonotary's office closed. |
| Sun., Nov. 1, 1987: | Prothonotary's office closed. |
| Mon., Nov. 2, 1987: | |
| Tues., Nov. 3, 1987: | Prothonotary's office closed. |
| Wed., Nov. 4, 1987: | Plaintiff's petition for Pa.R.C.P. 238 damages presented to the court.[1] |

1. This date is the date indicated by defendant in his statement of matters complained on appeal, paragraph 5, which, for purposes of this opinion, we accept as true.

The prothonotary's docket does not disclose that notice of the court's decision was sent to the parties in accordance with Pa.R.C.P. 236. The record is devoid of the actual date when plaintiff received notice of the court's decision.

Defendant's motion to quash plaintiff's petition for delay damages is premised upon his contention that plaintiff failed to follow the direction of the Pennsylvania Supreme Court in *Craig v. Magee Memorial Rehabilitation Center et al.*, 512 Pa. 60, 515 A.2d 1350 (1986). The court's direction is as follows:

"In its stead we direct that claims for delay damages are to be presented by petition within five days of a jury verdict or arbitration award."

### *Does the Craig v. Magee Directive Apply to Decisions in a Non-Jury Trial?*

Pa.R.C.P. 238 provides, inter alia, as follows:

"(a) Except as provided in sudivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court or the arbitrators appointed under the Arbitration Act of June 16, 1836, P.L. 715, as amended, 5 P.S. §30 et seq., or the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq., shall

"(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a non-jury trial, damages for delay at 10 percent per annum, not compounded, which shall become part of the award, verdict or decision;"

This rule directs that the arbitrators and the court in certain instances "add to the amount of compensatory damages in the award of arbitrators, in the verdict of a jury, or in the court's decision in a non-

jury trial, damages . . ." The *Magee* court directed "[c]laims for delay damages are to be presented by petition *within five days of a jury verdict or arbitration award.*" There is no mention of a time limitation within which to present a petition following a decision in a non-jury trial. The reason for not including decisions in nonjury proceedings are obvious. In many, if not most, of the non-jury proceedings the court's decision is not immediately known at the termination of the trial. Usually, the court executes its decision subsequent to the termination of the proceeding following which the decision is filed in the prothonotary's office and docketed. In accordance with the Pa.R.C.P. 236 notice is then sent to the parties of the entry of the decision. By the time the parties receive actual notice of the court's decision many days may have passed. In a case such as this actual notice may not have been received until the expiration of three, four or five days. To require the filing of a fact-orientated petition within five days from the execution of the court's decision would impose an unreasonable, if not impossible, burden upon the petitioner.

In cases of jury verdicts and arbitration awards the parties generally know of or can determine the nature of the verdict or the award the day that it is rendered. Almost always the parties and/or their attorneys are present when a jury's verdict is recorded. An arbitrator's award is promptly made following the termination of the hearing and filed with the prothonotary immediately after it is signed (See Pa.R.C.P. 1306) and is available to the parties. This is not the case with decisions in non-jury proceedings.

We hold that the *Magee* directive does not apply to non-jury decisions. Nevertheless, in the event that this directive were deemed to apply to non-jury de-

cisions, we then find that such directive refers to five business days and not five actual days. Since the allowance of five days is presumably to give the petitioner a reasonable time to prepare his petition, it is unlikely that the *Magee* court intended to include holidays within that brief time period. Our discretion conferred by Pa.R.C.P. 126,[2] 42 Pa.C.S. permits a liberal construction of this directive. *Laster v. Glasgow Inc.*, 368 Pa. Super. 166, 533 A.2d 768 (1987).

---

2. "Rule 126. Liberal Construction and Application of Rules—

' "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are aplicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."