## Benz v. Pasteur Merieux Connaught

C.P. of Monroe County, no. 8909 Civil 1997.

*Patrick J. Reilly* and *Allen I. Tullar,* for plaintiff.
*Kenneth Scott* and *Jonathan Dryer,* for defendant Pasteur Merieux Connaught.
*Carl J. Greco,* for defendant Connaught Laboratories.

CHESLOCK, *J.,* April 23, 1998—Plaintiff commenced this action on November 17, 1997 by filing a praecipe for summons against defendants. Plaintiff alleges that she was wrongfully discharged from her employment. On December 12, 1997, defendants filed a praecipe to file a complaint within 20 days or suffer entry of a judgment of non pros.

On January 2, 1998, plaintiff filed a complaint against defendants. Plaintiff alleges: (1) wrongful termination from employment; (2) tortious interference with employment relationship, and; (3) breach of implied contract of employment. On February 6, 1998, defendants filed preliminary objections to plaintiff's complaint and praeciped the case for argument. On February 18, 1998, plaintiff filed a praecipe to reinstate the complaint.

Plaintiff filed a response to defendants' preliminary objections on February 24, 1998. Defendants filed a brief in support of the preliminary objections on March 23, 1998. On April 2, 1998, plaintiff filed a brief contra to defendants' preliminary objections. Arguments were

heard on April 6, 1998 and we are now ready to dispose of defendants' preliminary objections.

Defendants have filed preliminary objections to the complaint on five grounds. We shall consider each of defendants' preliminary objections individually.

Defendants' first preliminary objection is in the nature of a motion to strike for lack of conformity to rule of law pursuant to Pa.R.C.P. 1028(a)(2). More specifically, defendants argue that neither defendants Pasteur Merieux Serums et Vaccins nor Connaught Laboratories Inc. were named in the writ of summons but were included in the complaint under the identical court term and number. This inclusion was without leave of court and in violation of Pa.R.C.P. 2232(c). Plaintiff contends that where an action is commenced by summons, a party may add parties to the complaint. We disagree with plaintiff and sustain the instant preliminary objection.

The court in *Yates v. Pacor Inc.* had to determine whether a plaintiff may add new party defendants in a reissued writ or reinstated complaint after a party defendant has been served. *Yates v. Pacor Inc.,* 352 Pa. Super. 335, 507 A.2d 1258 (1986). In *Yates,* plaintiff reinstated the complaint with the addition of previously unnamed defendants. *Id.* at 337, 507 A.2d at 1259. This procedure was accomplished subsequent to the service of the original complaint upon the original parties. *Id.* The court was forced to interpret Pa.R.C.P. 401 in order to determine whether plaintiff followed the proper procedures.

The *Yates* court held that "Rule 401, when read in [its] entirety, primarily address[es] the process whereby a plaintiff may continue the viability of otherwise stale process by reinstatement of the complaint or reissuance of the writ." *Id.* at 339, 507 A.2d at 1260. "[O]nce

a party defendant is served, plaintiff may only effectuate the joinder of additional parties by means other than Rule 401(b)." *Id.* In addition, the *Yates* court determined that, in order to effectuate the joinder of additional parties, a party must comply with Pa.R.C.P. 2232. Plaintiff failed to comply with Pa.R.C.P. 2232, consequently, the motion to strike is granted. Plaintiff is permitted 30 days within which to comply with the applicable Pennsylvania Rules of Civil Procedure in joining the additional defendants.

Defendants also file preliminary objections in the nature of a motion to strike for insufficient notice of service. Defendants contend that plaintiff's complaint should be stricken because the notice provided defendants was not in compliance with the Pennsylvania Rules of Civil Procedure. Plaintiff argues that this preliminary objection was rendered moot by virtue of the reinstatement and service of the complaint upon the defendants in accordance with the Pennsylvania Rules of Civil Procedure.

We find that the initial service of notice upon defendants was defective. Although defective, this does not make plaintiff's complaint null and void. Rather, "[w]here service of process is defective . . . the remedy is to set aside the service." *Frycklund v. Way,* 410 Pa. Super. 347, 353, 599 A.2d 1332, 1335 (1991), citing *Nicolosi v. Fittin,* 434 Pa. 133, 252 A.2d 700 (1969). Therefore, we shall set aside the service because it was initially defective.

The remainder of defendants' preliminary objections are in the nature of a demurrer to the three counts in plaintiffs' complaint. A demurrer is a preliminary objection asserting that the pleadings fail to set forth a cause of action upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991).

When considering a demurrer, the court must accept as true all well-pled facts set forth in the complaint, as well as all reasonably deductible inferences. *Lazor v. Milne,* 346 Pa. Super. 177, 499 A.2d 369 (1985). A demurrer will only be granted when the complaint has clearly failed to state a claim upon which relief can be granted. *Rutherfoord v. Presbyterian-University Hospital,* 417 Pa. Super. 316, 612 A.2d 500 (1992). With these standards in mind, we shall consider defendants' preliminary objections.

In Count I of the complaint, plaintiff complains that she was wrongfully discharged. Defendants contend that plaintiff, as an at-will employee, cannot claim that she was wrongfully discharged—defendants state that Pennsylvania does not recognize a cause of action for wrongful termination of an at-will employee and the termination of plaintiff was not in contravention of public policy and she cannot recover damages.

It is well established in Pennsylvania that employers possess the "unfettered right to discharge an at-will employee for any or no reason in the absence of a contractual or statutory prohibition." *Hineline v. Stroudsburg Electric Supply Co.,* 384 Pa. Super. 537, 540, 559 A.2d 566, 568 (1989). However, an at-will employee will have a cause of action for wrongful termination "where the employer's conduct in terminating an at-will employee violates a clear mandate of public policy." *McLaughlin v. Gastrointestinal Specialists Inc.,* 696 A.2d 173, 176 (Pa. Super. 1997). The public policy exception to the at-will employment doctrine is applicable in the following instances: "(1) the employer requires the employee to commit a crime; (2) the employer prevents the employee from complying with a statutory duty; or (3) the employer fires the employee in direct contravention of a specific statutory prohi-

bition." *Id.* at 177, citing *Shick v. Shirey,* 456 Pa. Super. 668, 691 A.2d 511 (1997) (en banc).

In the instant case, plaintiff contends that she was terminated because she reported various safety concerns and apparent unethical conduct to her employer. This, in turn, was in compliance with defendant Connaught's Code of Corporate Conduct. Unless plaintiff's cause of action lies in the public policy exception, she will be prevented from recovering for wrongful termination. In *Paralegal v. Lawyer,* plaintiff alleged that her termination fell within the public policy exception of the at-will employment doctrine. *Paralegal v. Lawyer,* 783 F. Supp. 230, 231 (E.D. Pa. 1992). Plaintiff contends that the termination was a direct result of her contact with her employer's lawyer in an attorney disciplinary matter. Plaintiff informed the lawyer that her employer, an attorney, had submitted a backdated letter to the Disciplinary Board in an attempt to avoid disciplinary measures. After being notified of the contact, defendant terminated plaintiff.

The *Paralegal* court determined that plaintiff should be permitted to allege wrongful termination because her claim falls within the ambit of the public policy exception. *Paralegal,* 783 F. Supp. at 232. The court reasoned that the Pennsylvania Rules of Professional Conduct were implicated and "[t]he public policy underlying these rules is obvious . . . ." *Id.* The court concluded that "if plaintiff's averments prove true, since they implicate a clear public policy, [the] case may not yet end." *Id.*

The instant case is very similar to *Paralegal v. Lawyer.* For that reason, we decline to grant the preliminary objection in the nature of a demurrer. We will only grant a demurrer in a case where it is clear that a party has no cause of action. As to Count I of the

complaint, we conclude that plaintiff may have a cause of action lying in wrongful termination that lies within the ambit of the public policy exception.

In Count II of the complaint, plaintiff alleges tortious interference with an employment relationship on the part of defendant Greco. Plaintiff alleges that defendant Greco worked as an independent contractor and interfered with plaintiff and defendant Connaught, plaintiff's employer. Defendants contend that defendant Greco is not a third party. Therefore, defendants argue that plaintiff cannot allege tortious interference of an employment relationship without the required third party.

In Pennsylvania, "[o]ne who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract." *Daniel Adams Associates Inc. v. Rimbach Publishing Inc.,* 360 Pa. Super. 72, 78, 519 A.2d 997, 1000 (1987). Furthermore, "[t]he tort-feasor is one who intentionally and improperly interferes with a contract between the plaintiff and a third person." *Id.* at 79, 519 A.2d at 1000. Therefore, "[b]y definition, this tort necessarily involves three parties." *Id.*

In the instant case, the issue is whether defendant Greco is an independent contractor or an agent or employee of defendant Connaught. If the former applies, plaintiff is permitted to allege tortious interference with an employment relationship. If the latter is applicable, then plaintiff's claim must be dismissed. This court is not convinced that defendant Greco is an employee of defendant Connaught. Therefore, because it is not

clear that plaintiff is without a cause of action, we shall dismiss defendants' preliminary objection in the nature of a demurrer to Count II.

In Count III of the complaint, plaintiff alleges that defendants implicitly breached the contract for employment. Plaintiff argues that the employee handbook forms the basis for the contract. Defendants contend that the employee handbook cannot form a contractual relationship between the parties and, in the absence of a contract, the relationship remains at-will between employer and employee.

In Pennsylvania, in order to determine if an employee handbook constitutes a contract and, therefore, requires the parties to comply with the provisions is "whether or not a reasonable employee in the position of [plaintiff] would understand the employer to be reasonably bound by its representations in the handbook." *DiBonaventura v. Consolidated Rail Corp.,* 372 Pa. Super. 420, 426, 539 A.2d 865, 868 (1988), citing *Martin v. Capitol Cities Media Inc.,* 354 Pa. Super. 199, 511 A.2d 830 (1986). Therefore, there is not enough evidence for this court to determine whether plaintiff possesses a cause of action lying in contract against defendants. Discovery is necessary in the instant case to determine whether plaintiff has legitimate cause of action against defendants. Therefore, we shall dismiss defendants' preliminary objection in the nature of a demurrer as to Count III in plaintiff's complaint.

Accordingly, we enter the following order:

ORDER

And now, April 23, 1998, it is ordered as follows:

(1) Defendants' preliminary objection in the nature of a motion to test sufficiency of service is hereby granted and service is hereby set aside.

(2) Defendants' preliminary objection in the nature of a motion to strike for lack of conformity to Pa.R.C.P. 1028(a)(2) is hereby granted and plaintiff is permitted 30 days within which to properly join the additional defendants.

(3) Defendants' preliminary objection in the nature of a demurrer to Count I in plaintiff's complaint is hereby denied.

(4) Defendants' preliminary objection in the nature of a demurrer to Count II in plaintiff's complaint is hereby denied.

(5) Defendants' preliminary objection in the nature of a demurrer to Count III in plaintiff's complaint is hereby denied.