The **HOME INSURANCE COMPANY,**
Plaintiff,

v.

The **LAW OFFICES OF JONATHAN DEYOUNG, P.C., et. al.,**
Defendants.

No. CIV. A. 97–1659.

United States District Court,
E.D. Pennsylvania.

July 31, 2000.

Arthur W. Lefco, Victor M. Verbeke, Laura Reed, Cozen and O'Connor, Philadelphia, Pa, Victor M. Verbeke, Sherr, Joffe & Zuckerman, P.C., W. Conshohocken, PA, for plaintiff.

John L. Walfish, Law Offices of Jonathan DeYoung, King of Prussia, PA, John

L. Walfish, Walfish & Noonan, Norristown, PA, Jan Fink Call, Hoyle, Morris & Kerr, Philadelphia, PA, John J. Koresko, V, Baldwin Renner Clark & Koresko, King of Prussia, PA, for defendants.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

## I. BACKGROUND

The plaintiff, The Home Insurance Co. ("Home"), provided professional liability insurance to the defendants, the Law Offices of Jonathan DeYoung, P.C. and its successors (collectively "DeYoung"). Jonathan DeYoung died on February 19, 1995. After DeYoung's death, several of DeYoung's clients initiated lawsuits or otherwise asserted claims against DeYoung's estate alleging that DeYoung committed legal malpractice. The gist of these actions is a claim that while serving as both a lawyer and an investment advisor for the claimants, DeYoung wrongfully appropriated the claimants' funds. By order and memorandum dated December 30, 1998, after rehearsing at length the facts of the case and the applicable law, familiarity with which is assumed here, the court held that Home had no duty to defend or indemnify DeYoung on any of the asserted claims, except the claim of defendant Elva Hoisington ("Hoisington"). *See Home Insurance Co. v. Law Offices of Jonathan DeYoung, P.C.*, 32 F.Supp.2d 219 (E.D.Pa. 1998). As to Hoisington's claim, the court concluded that there were genuine issues of material fact at that time which precluded the entry of judgment under the theories asserted by Home. *Home Insurance Co.*, 32 F.Supp.2d at 229–31.

Thereafter, the court afforded the parties an opportunity to take additional discovery and to file renewed motions for summary judgment. Home has now filed a renewed motion for summary judgment contending that Hoisington's suit against DeYoung is time barred because Hoisington failed to name the personal representative of DeYoung's estate ("DeYoung's personal representative") as a defendant in the writ of summons which Hoisington filed and served on defendants before the expiration of the statute of limitations ("the original writ"). According to Home, since Hoisington's suit is time barred, Hoisington has no claim against DeYoung which is subject to indemnification under the policy issued by Home.[1]

Hoisington acknowledges that she did not name DeYoung's personal representative as a defendant in the original writ, but claims that she caused the original writ to be reissued, and in that reissued writ of summons ("the reissued writ"), she properly named DeYoung's personal representative.[2] According to Hoisington, because the reissued writ was filed and served within the four (4) year statute of limitations, her suit is timely and DeYoung is entitled to indemnification under the policy issued by Home.

The question presented is whether Pennsylvania law permits the joinder of a defendant by the reissuance of a writ of summons after service of the original writ has already occurred. If it does, Hoisington's suit is timely and subject to indemnification under the policy issued by Home. If it does not, Hoisington's claim is barred by the statute of limitations and Home has no duty indemnify DeYoung. For the following reasons, the court concludes that Hoisington's claim is time barred.

---

1. Home also argues that it is entitled to summary judgment on various other grounds, which are not addressed in this memorandum.

2. At the time of the reissued writ, Hoisington had been appointed to serve as DeYoung's personal representative. Throughout this litigation, the parties have debated whether Hoisington is legally qualified to serve as DeYoung's personal representative. However, given the court's disposition of Home's motion, it is unnecessary to consider this issue.

## II. ANALYSIS[3]

### A. *Pennsylvania Insurance Law*

█ Under Pennsylvania law, the duty to defend and the duty to indemnify are triggered under different circumstances. An insurer's duty to defend arises "whenever the complaint filed by the injured party may potentially come within the policy's coverage." *Pacific Indem. Co. v. Linn*, 766 F.2d 754, 760 (3d Cir.1985). On the other hand, the duty to indemnify "arises only when the insured is determined to be liable for damages within the coverage of the policy." *Diamond State Insurance Co. v. Ranger Insurance Co.*, 47 F.Supp.2d 579, 584 (E.D.Pa.1999)(*quoting Britamco Underwriters, Inc. v. Logue's Tavern, Inc.*, No. 95–2997, 1995 WL 710570, at *2 (E.D.Pa. Dec.1, 1995)). The sole issue presented by Home's motion is whether Home has a duty to indemnify DeYoung.[4]

█ Federal courts have discretion whether to entertain a declaratory judgment action in insurance coverage cases where "the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in the state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995)(*quoting Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942)). As a general rule, the declaratory judgment court should refrain from determining the insurer's duty to in-

demnify until the insured is found liable for damages in the underlying action. *Sphere Drake*, 35 F.Supp.2d at 427. Neither should the declaratory judgment court issue rulings which may have a collateral estoppel effect on the underlying litigation. *See Wilton*, 115 S.Ct. at 2141 ("[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference[ ]' ... if it permitted the federal declaratory action to proceed.")(quotation omitted).

█ This case, however, is the exception to these general rules for four (4) reasons. One, the statute of limitations issue before the court is purely legal and does not require the court to make factual determinations which would otherwise best be left to the state court jury in the underlying action. Two, Home's insurance policy at issue in this case is the only known asset of DeYoung's estate. Therefore, as a practical matter, if the court determines there is no coverage, and consequently no assets in the estate, there will be no point in proceeding to determine liability in the underlying action. Three, this litigation has been heatedly contested by the parties in this court for over three (3) years. In the state court, however, the only action taken by Hoisington has been to file a writ of summons. Fourth, Hoisington has never filed a motion requesting a stay of this

---

**3.** Under Fed.R.Civ.P. 56, a party is entitled to summary judgment where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In this case, the operative facts are not in controversy. Thus, the sole issue is whether Home is entitled to judgment as a matter of law.

**4.** To the extent that Home seeks a declaration concerning its duty to defend, given that the insurance policy issued by Home is the only asset of DeYoung's estate and the court's finding that there is no duty to indemnify under the policy, as a practical matter, the request is moot. In any event, if Home's request for a declaration concerning its duty to defend is

not moot, because Hoisington initiated her action against DeYoung through a writ of summons under the Pennsylvania Rules of Civil Procedure, there is no complaint from which the court can determine whether there is a duty to defend in this case. *See Sphere Drake, P.L.C. v. 101 Variety, Inc.*, 35 F.Supp.2d 421, 427 (E.D.Pa.1999) (citations omitted)(explaining that in determining whether there is a duty to defend, the court must first ascertain the scope of the policy's coverage and then assess whether the factual allegations contained in the underlying complaint may potentially fall within the scope of the policy).

action to allow factual questions to be decided in the state court litigation. Therefore, neither "practicality [nor] wise judicial administration," *Wilton*, 115 S.Ct. at 2143, would be served by delaying the coverage question until the conclusion of trial on liability in the state court.

### B. *Home's Statute of Limitations Argument*

■ Under Pennsylvania law, "all actions that survive a decedent must be brought by or against the personal representative." *Marzella v. King*, 256 Pa.Super. 179, 389 A.2d 659, 660 (1978) (citations omitted). For purposes of ruling on Home's motion, the court accepts Hoisington's position that because her lawsuit against DeYoung grew out of an express contract to provide specific services, the four (4) year statute of limitations is controlling.

■ Hoisington concedes that she became aware of her claim against DeYoung's personal representative by at least March 1, 1995, and therefore, that the statute of limitations barred any actions commenced after March 1, 1999. Hoisington first commenced her lawsuit on January 21, 1997 by filing a writ of summons in the Montgomery County Court of Common Pleas. Notably, the writ of summons did not name DeYoung's personal representative as a defendant. The next day, January 22, 1997, Hoisington served the writ of summons upon each of the named defendants. *See* Montgomery County Court of Common Pleas Docket, Civil Action No. 97–1161, Pl.'s Mem., Ex. D. Subsequently, on February 25, 1999, Hoisington filed a praecipe to reissue the original

writ, this time naming DeYoung's personal representative as a defendant.[5] *Id.* In other words, Hoisington claims she joined DeYoung's personal representative as a named defendant through the reissued writ.

Under Pennsylvania law, "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." Pa.R.Civ.P. 1007. The Pennsylvania Rules of Civil Procedure also allow for the reissuance of a writ of summons under certain circumstances. Specifically, Rule 401 provides, in pertinent part:

> If service within the Commonwealth is not made within [thirty (30) days after the issuance of the writ or the filing of the complaint], the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint.
>
> A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or reinstated complaint.

Pa.R.Civ.P. 401(b)(1) & (2). On the other hand, Rule 2232(c) provides, in pertinent part, "At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action...." Pa.R.Civ.P. 2232(c).[6]

In *Yates v. Pacor, Inc.*, 352 Pa.Super. 335, 507 A.2d 1258 (1986), the Pennsylvania Superior Court addressed the interplay between Rules 401 and 2232(c). In *Yates*,

---

5. The reissued writ is not part of the record before the court. However, because the parties do not dispute that Hoisington named DeYoung's personal representative as a defendant in the reissued writ, the court will assume for purposes of ruling on Home's motion that this is the case.

6. Rule 2229(b) also governs joinder of parties and provides, "A plaintiff may join as defen-

dants persons against whom the plaintiff asserts any right to relief ... in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact [is present]." Pa.R.Civ.P. 2229(b). For whatever reason, Hoisington chose not to proceed under Rule 2229.

the plaintiff filed a complaint against several manufacturers and suppliers of asbestos products. After the plaintiff had served the complaint upon each of the original named defendants, the plaintiff filed a reinstated complaint under Rule 401 naming a party not named in the original complaint. The lower court sustained the newly named party's objections that Rule 401 was not the proper vehicle for joining an additional defendant. The Superior Court agreed, holding that a plaintiff may not join an additional defendant once any defendant has been served with an original complaint by simply reinstating the complaint under Rule 401. The court explained:

> [R]ule 401, when read in [its] entirety, primarily address[es] the process whereby a plaintiff may continue the viability of stale process by . . . reissuance of the writ. We agree with the lower court that since [Rule 401] is chiefly concerned with means of continuing the validity of stale process, Rule [401(b)] 'joinder' is properly limited to situations in which . . . a writ [is being] reissued solely because it was not served on any of the original defendants. In such a situation, Rule [401(b)] 'joinder' can be effectuated during the . . . reissuance. *However, once a party defendant is served, Rule [401(b)] cannot be used as a joinder device since to do so would ignore the purpose of Rule [401] and obviate the purpose of Rule 2232. Therefore, once a party defendant is served, plaintiff may only effectuate the joinder of additional parties by means other than Rule [401(b)].*

*Yates,* 507 A.2d at 1260 (emphasis added).[7]

Applying the teachings of *Yates,* given that at the time the original writ was reissued, service on the original defendants had already occurred, Hoisington had no power under Rule 401 to join DeYoung's personal representative as an addi-

tional defendant without seeking leave of court, as provided under Rule 2232. Since the joinder of DeYoung's personal representative did not occur prior to the expiration of the statute of limitations, Hoisington's claim is barred as a matter of law.

## III. CONCLUSION

Hoisington did not properly initiate an action against DeYoung's personal representative within the applicable statute of limitations. Therefore, her claim is time barred and Home has no duty to indemnify DeYoung.

An appropriate order follows.

## *ORDER*

**AND NOW,** this 31st day of **July, 2000,** it is hereby **ORDERED** that Plaintiff The Home Insurance Company's Motion For Summary Judgment (doc. no. 83) is **GRANTED.**

It is **FURTHER ORDERED** that:

1. Plaintiff has no duty to indemnify the defendant insureds;

2. **JUDGMENT** is entered in favor of plaintiff and against defendants, and

3. All claims by and against all parties having been adjudicated, the Clerk shall mark the case **CLOSED.**

**AND IT IS SO ORDERED.**

---

7. *Yates* was decided under a prior version of Rule 401, however, the court's decision clearly applies to cases which implicate the cur-

rent version of the rule. *See Yates,* 507 A.2d at 1260.