**CIVIL PROCEDURAL RULES COMMITTEE**
**ADOPTION REPORT**

**Amendment of Pa.R.Civ.P. 401**

On December 16, 2021, the Supreme Court amended Pennsylvania Rule of Civil Procedure 401 to update the rule to accommodate electronic filing systems with regard to the reissuance of a writ of summons and the reinstatement of a complaint, and to clarify when a new defendant may be added to a reissued writ or reinstated complaint. The Civil Procedural Rules Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

Pa.R.Civ.P. 401 provides that original process must be served within the Commonwealth no later than 30 days after the issuance of a writ of summons or the filing of a complaint. If service is not completed within the 30 days, the rule provides procedures for the reissuance of a writ of summons and the reinstatement of a complaint to continue its validity.

**Rule 401(b)(1)**

The Committee received two requests for rulemaking to clarify subdivision (b) in two respects. Subdivision (b)(1) requires the prothonotary, upon *praecipe* and presentation of the original process, to write on the original process "reissued" in the case of a writ, or "reinstated" in the case of a complaint when a party seeks to continue the validity of original process. The first requestor suggested that subdivision (b)(1) may conflict with the capabilities of electronic filing systems and should be updated or clarified to address electronically filed documents. Specifically, there was a question as to how a prothonotary can "write" on original process that is an electronically filed document.

Preliminarily, the Committee agreed that the literal reading of the word "write" could cause confusion when applying the rule to electronically filed documents. Although some prothonotary offices have a practice of affixing an electronically generated "Re-issued" or "Reinstated" stamp on the electronic document, it was not apparent that all prothonotary offices using electronic filing would have this capability. As a result, subdivision (b)(1) has been amended to require the prothonotary to "designate" rather than "write" on the original process, or a copy thereof, presented for reissuance or reinstatement. The amended language is intended to be sufficiently expansive to allow prothonotaries to comply with the rule for electronically filed documents.

This amendment of subdivision (b)(1) was not published for comment because it was intended to clarify the rule as it relates to electronically filed documents and would not otherwise change current practice or procedure.

**Rule 401(b)(2)**

The second request questioned the parameters for when a new defendant may be added to a reissued writ or reinstated complaint. Subdivision (b)(2) provides: "A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint." Pa.R.Civ.P. 401(b)(2). The requestor pointed out that self-represented plaintiffs read this subdivision to authorize adding a new defendant simply by reissuing the writ or reinstating the complaint without first considering the procedural posture of the case, including whether service has been made on any of the originally named defendants. The requestor observed that, on its own, a literal reading of Pa.R.Civ.P. 401(b)(2) suggested that a new party defendant can be added at any time upon the reissuance of a writ or reinstatement of a complaint; neither the rule nor its explanatory comment provide context as to its application.

To address the ambiguities in this subdivision, the Committee proposed an amendment to provide that a new defendant may be named in a reissued writ or reinstated complaint only if the writ or complaint has not been served on any originally named defendant. Second, a proposed note was added indicating that a new defendant cannot be added pursuant to this rule if service of the writ or complaint has been completed on a defendant already named in either type of original process. Further, the note specifically indicates that, when there are multiple defendants named in the original document, adding a new defendant cannot be accomplished if service has been completed on any of the original defendants. The second paragraph of the proposed note directed the reader to other Rules of Civil Procedure that permit adding a new party depending on the procedural posture of the case.

The Committee published the proposed amendment of subdivision (b)(2) for comment. *See* 50 Pa.B. 3575 (July 18, 2020). The Committee received comments to the proposal, both supporting and opposing the proposed amendment. Following review, the Committee added a citation to *Yates v. Pacor*, 507 A.2d 1258 (Pa. Super. 1986), in the note to support the amendment's requirement that a new defendant cannot be added to a reissued writ or reinstated complaint if a named defendant has already been served, and must do so by procedures other than Pa.R.Civ.P. 401(b)(2). Although *Yates* refers to former Pa.R.Civ.P. 1010 (reissuance, reinstatement, and substitution of writ or complaint), the content of that former rule was incorporated as subdivision (b) in Pa.R.Civ.P. 401 when it was adopted in 1986.

The amendment of Pa.R.Civ.P. 401 becomes effective April 1, 2022.